————o————

Henry Miller, Respondent, *vs.* Joshua H. Drake, Appellant.

1. *Evidence—Pleadings, fact admitted by.*—When a fact is admitted by the pleadings, evidence to prove it is properly excluded.
2. *Practice, civil—Trials—Instructions—How many to be given.*—Where the instructions given, whether at the instance of the parties, or on the court's own motion, substantially cover the case, all other instructions may well be refused.

*Appeal from Livingston Circuit Court.*

*Jonas J. Clark*, for Appellant.

*H. M. Pollard*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This action was brought to recover of the defendant, who was plaintiff's agent in the sale of land, a sum of money alleged to have been fraudulently retained by the agent, upon a false representation of the price at which the land was sold. The plaintiff and his brother, who both lived in Ohio, owned 200 acres of land in Livingston county, of which the plaintiff owned 80 acres and his brother 120 acres, and they gave the defendant a power of attorney to sell the land at any price, not less than eleven dollars per acre. The petition alleges that the tract was sold at $15 per acre, and that the sale at the price of $11 per acre was reported to the plaintiff, and this defendant retained $4 per acre, or $320, which he had no right to retain; and the suit was to recover this sum and interest.

After an answer and replication, the issues were submitted to a jury.

The defendant objected to any evidence being introduced, on the ground that no cause of action was stated in the petition. This was overruled and evidence on both sides was given.

The evidence for plaintiff tended to show, that the defendant sold the land to one Deems for $15 an acre in December, 1868; that no written contract was made, and no conveyance made directly to Deems; but that in the early part of the succeeding year conveyances were made to Norville, a son-in-law of defendant, and by Norville to Deems. The conveyance to Norville was upon the consideration of eleven dollars per acre, and that of Norville to Deems was for fifteen dollars per acre. The sale was reported by defendant to plaintiff as a sale at eleven dollars per acre.

The defendant gave evidence to show, that the sale to Norville was fairly made and consummated before any negotiation with Deems. The testimony of the parties, plaintiff and defendant, and of Norville, was admitted without objection.

The defendant, in addition to the statements of Norville and himself, offered to prove that the plaintiff was very old and could neither read nor write, and that all his business was transacted by his son and one Kettle, who had an interest in the 120 acres, which defendant sold, and then offered to read various letters from Kettle to defendant, and letters from defendant to Kettle, to show that he had authority to trade with Norville at eleven dollars per acre, and that he closed the trade by their assent, and that he advised them duly of such sale, and that they ratified it. This evidence was offered in various shapes, and as one of the objections to it was, that the answer set up no such defense, an amended answer was proposed; but the court refused to permit the answer to be so amended, and refused to permit any of the evidence. Exceptions to this ruling were duly taken.

The court gave three instructions for plaintiff:

1. That, unless the sale to Norville was in good faith and consummated before the sale to Deems, the plaintiff was entitled to a verdict.

2. This instruction was the stereotyped one about the right of juries to disregard witnesses who swore falsely.

3. That, unless they believed the Norville contract was in good faith, and not for the purpose of enabling the defendant and Norville to hold said land and sell at an advance, they should find for plaintiff.

4. That, if the sale to Norville was made with an understanding between Drake and Norville, whereby said land was to be sold to Norville nominally, but was really to be sold to some other party at a price greater than eleven dollars per acre, and the excess to be retained by said Drake or Norville, then said sale to Norville was not in good faith, although fifty dollars was paid on it.

5. The damages are $320 with interest at the rate of 6 per cent. from January 16th, 1869.

And the court further instructed the jury at the instance of defendant:

1. That, unless the plaintiff has established by a preponderance of testimony, that defendant Drake, as the agent of plaintiff, sold said land to Deems for $15 per acre, and fraudulently retained $4 per acre of the price, they will find for defendant.

2. If defendant Drake sold the land to Norville in good faith on his, defendant's, part before the sale to Deems, and transmitted to plaintiff his part of the purchase money, less defendant's commission, the jury will find for defendant.

And the court further gave this instruction of its own:

"If the jury believe, that in the month of July or August, 1868, or about that time, and before the alleged sale to Deems, the defendant, as the agent of the plaintiff, made a contract for the sale of the land in question to Wm. S. Norville, and that said contract was fully consummated and reduced to writing, and signed by the said Norville and said defendant, as agent of plaintiff, and was made in good faith on the part of defendant to secure the sale of the lands described in the petition, and not for the purpose of enabling Norville or defendant to make anything out of the sale of said land fraudulently as against the rights of the plaintiff, the jury will find for defendant."

The jury found a verdict for the plaintiff, and a judgment was given in accordance with the verdict.

It could answer no useful purpose to notice all the objections that are made in this court to the verdict and judgment. The material points seem to be these:

1. It is said that the petition contained no cause of action. The petition originally contained a full explanation of the facts upon which the liability of the defendant was based; but, upon the motion of the defendant, this introductory or preliminary statement was stricken out. It was not essential to show a cause of action, but might very well have been allowed to remain by way of inducement. The plaintiff and his brother owned the land sold by defendant, who was a real

estate agent. The plaintiff owned only 80 acres of the 200 acres sold, and, of course, was only entitled to recover for the difference between the price of the 80 acres sold, which he owned, and the price at which it was actually sold. The petition, as amended, sufficiently sets forth this claim, and it could not be doubted that this is a good cause of action.

2. The rejection of the evidence in regard to Kettle's agency for plaintiff, and in regard to plaintiff's incapacity to read and write, and the evidence based on this, of correspondence between Kettle and defendant, and of the offer of a great number of letters to show that defendant communicated to Kettle his sale to Norville at $11 per acre, and that Kettle favored the sale and sanctioned it, we think was right.

There was no question in this case that defendant had the right to sell to Norville or any one else at $11 per acre. The power of attorney expressly authorized such a sale. There was no need of letters from Kettle or plaintiff's son, or any other person acting for plaintiff to establish this proposition. It was conceded in the petition. The question was, whether any such sale took place. No ratification was necessary to make such sale valid. The defendant had an unquestioned right to sell the land at $11 per acre. The question was not as to his legal right to sell at this price, but as to the fact whether he did really sell at this price; whether the sale to his son-in-law was a sham or a *bona fide* transaction. The question was, was the sale a pretended one or a *bona fide* one, and based on no arrangement between the defendant and his son-in-law.

The correspondence excluded had no connexion with the point in issue. In case where fraud is alleged, a great latitude is allowed; but we are unable to see any bearing whatever which the excluded evidence could have had on the point in issue.

3. The instructions given in this case presented the question of fact for the determination of the jury. This was a very simple question, and hardly any mistake of law could have been committed. We have copied the instructions given,

and we cannot readily imagine any objection to them. The defendant asked a multitude of instructions, which were refused; but they were substantially given, so far as they were right. The court might well have refused all the instructions of both sides, and yet, the instruction given on the court's own motion covered the case. The question for the jury was simply, whether, on the evidence, the transaction with Norville was a *bona fide* sale, or a mere disguise to enable the defendant to realize an anticipated advance. This question was fairly left to the jury, and their verdict was well warranted by the evidence.

We will, therefore, affirm the judgment. The other judges concur. Judges Vories and Wagner absent.